UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Negasi GIRMAY, | Case No.:  26-cv-3256-AGS-DDL |
| Petitioner, | **ORDER GRANTING IFP REQUEST (ECF 2) AND DENYING HABEAS PETITION (ECF 1)** |
| v. | |
| Jeremy CASEY, | |
| Respondents. | |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention, and he moves to proceed without paying the filing fee—known as proceeding IFP or *in forma pauperis*. Typically, parties seeking a writ of habeas corpus must pay a $5 filing fee. *See* 28 U.S.C. § 1914(a). But an action may proceed without payment if the court grants leave to proceed IFP. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) (holding that when an "IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid"). Petitioner claims to have "0.00" (ECF 2, at 1–2), so the IFP request is **GRANTED**.

On the merits, however, his petition is denied. Petitioner claims his detention is "unreasonably prolonged" under the Due Process Clause. (ECF 1, at 5–6.) He seeks "release' "from custody or[,] in the alternative[,]" "a bond hearing in front of [an] immigration judge." (*Id.* at 8.) His new petition is not legally distinct from—indeed, it is nearly word-for-word identical to—the one this Court already denied. *See Negasi v. Warden Jeremy Case*, 26-cv-1858-AGS-VET, ECF 13 (S.D. Cal. Apr. 27, 2026). The new petition is **DENIED** for the same reasons. His pending motion for appointment of counsel is denied as moot, and the Clerk will issue a judgment and close this case.

Dated:  June 3, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

1

26-cv-3256-AGS-DDL